2019V00025/SUE/fk
CRAIG CARPENITO
United States Attorney
By: SHIRLEY U. EMEHELU
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973) 353-6024
Shirley.Emehelu@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. |
| Plaintiff, | : | Civil Action No. 19- |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$64,000.00 IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant *in rem*. | : | |
| | : | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (by Shirley U. Emehelu, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is an action to forfeit to the United States of America ("Plaintiff") a total of $64,000.00 in United States currency pursuant to 21 U.S.C. § 881(a)(6), which, in relevant part, subjects to forfeiture all moneys that were furnished or intended to be furnished by any person in exchange for

a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of Title 21, Subchapter 1, of the United States Code.

### THE DEFENDANT *IN REM*

2. The defendant property consists of a total of $64,000.00 in United States currency (the "Defendant *in rem*" or the "defendant property"), seized by the United States Drug Enforcement Administration ("DEA") and the Gloucester County Prosecutor's Office ("GCPO") (collectively, "law enforcement"), during a motor vehicle stop conducted on or about October 17, 2018, in Clarksboro, New Jersey. The defendant property was seized from a black 2018 Ford sports utility vehicle ("SUV"), Pennslyvania license plate number JMB 7695.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(b), because the defendant property is located in the District of New Jersey.

5. The defendant property is currently in the custody of the United States Marshals Service for the District of New Jersey.

6. Plaintiff requests that upon the filing of this Complaint, the Clerk issue an arrest warrant *in rem* pursuant to 28 U.S.C. § 1355(b) and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Plaintiff will cause the arrest warrant *in rem* to be executed upon the defendant property and the Court will thereby acquire *in rem* jurisdiction over such property.

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished in exchange for a controlled substance or represents proceeds traceable to an exchange for a controlled substance, in violation of 21 U.S.C. § 801, *et. seq.*, or was used or intended to be used to facilitate such a violation.

## FACTS

8. Beginning in or about October 2018, DEA in conjunction with the GCPO conducted an investigation into the drug trafficking activities of David RIVERA-ORTIZ ("RIVERA-ORTIZ") and his organization.

**The Confidential Source Communicates with an Individual, Believed to be RIVERA-ORTIZ, Who is Interested in Purchasing Two Kilograms of Cocaine**

9. On or about October 3, 2018, a confidential source ("CS-1") advised DEA that CS-1 recently had a telephone conversation with an individual ("Individual-1") who had an associate ("Individual-2"), later identified as RIVERA-ORTIZ, who was interested in purchasing two kilograms of cocaine.

During the call, Individual-1 and CS-1 agreed that the purchase price for the two kilograms of cocaine would be $64,000.00.

10. Later that day, on or about October 3, 2018, CS-1 telephoned Individual-2, believed to be RIVERA-ORTIZ. During this call, CS-1 informed RIVERA-ORTIZ that CS-1 had product (i.e., cocaine) available for sale. RIVERA-ORTIZ agreed to meet with CS-1 at a location to be designated by CS-1 for the purchase of the cocaine.

11. On or about October 16, 2018, CS-1 engaged in text message communications with Individual-2, believed to be RIVERA-ORTIZ, during which CS-1 asked RIVERA-ORTIZ if he was ready to meet the following day, on or about October 17, 2018, to which RIVERA-ORTIZ responded in the affirmative. CS-1 provided RIVERA-ORTIZ with the address of a convenience store in Paulsboro, New Jersey (the "Convenience Store") as their meeting location.

12. Later that day, on or about October 16, 2018, CS-1 called Individual-2, believed to be RIVERA-ORTIZ. During this telephone conversation, RIVERA-ORTIZ confirmed that he knew that the price for two kilograms of cocaine would be $32,000.00 per kilogram (i.e., a total of $64,000.00 for two kilograms).

13. The following day, on or about October 17, 2018, CS-1 called Individual-2, believed to be RIVERA-ORTIZ, and asked RIVERA-ORTIZ to describe the type of vehicle that he would be driving to their meeting that day. RIVERA-ORTIZ informed CS-1 that he would be in a black Ford.

14. Individual-2, believed to be RIVERA-ORTIZ, texted CS-1 when he arrived at the Convenience Store location, and informed CS-1 that he was waiting for CS-1 there. CS-1 then texted RIVERA-ORTIZ the address of a rest stop off of I-295 in Paulsboro, New Jersey (the "Rest Stop") as the location for their in-person meeting. RIVERA-ORTIZ later responded by text message stating, inter alia, that he was at the Rest Stop with his nephew, in a large black car. RIVERA-ORTIZ further texted that he was wearing a red hat. CS-1 responded by texting RIVERA-ORTIZ that CS-1's nephew who, in reality, was another confidential source ("CS-2"), was in a truck.

**CS's Meeting with RIVERA-ORTIZ at the New Jersey Rest Stop**

15. At approximately 6:00 p.m., law enforcement established surveillance in the area of the Rest Stop, the pre-determined meeting location established by CS-1 and RIVERA-ORTIZ.

16. Shortly thereafter, CS-2 — whom law enforcement had equipped with concealed audio and audio-video recording and transmitting devices — departed the Convenience Store location en route to the Rest Stop location to meet with Individual-2, later identified as RIVERA-ORTIZ.

17. Law enforcement officers followed CS-2 to the Rest Stop location. Once at the meet location, CS-2, at law enforcement's direction, parked CS-2's vehicle in a specific parking spot. Concealed in and around the Rest Stop were additional law enforcement agents and officers conducting surveillance of the meeting.

18.     At approximately 6:30 p.m., law enforcement observed a black SUV (the "Black SUV"), fitting the vehicle description previously provided to CS-1 by Individual-2 (believed to be RIVERA-ORTIZ), pull into the parking lot of the Rest Stop and park several spaces away from law enforcement's position. Shortly thereafter, a male wearing a red hat — the same color hat that Individual-2 (likely RIVERA-ORTIZ) had told CS-1 he would be wearing — walked away from the area of the parked Black SUV and entered the Rest Stop center. Additional law enforcement officers were inside the Rest Stop center conducting surveillance.

19.     At approximately 6:37 p.m., law enforcement observed the male in the red hat, later identified as RIVERA-ORTIZ, standing outside the Rest Stop center. CS-2 exited CS-2's vehicle, had a brief conversation with RIVERA-ORTIZ, and then they walked over to the parked Black SUV and entered the vehicle.

20.     Inside the Black SUV, RIVERA-ORTIZ and CS-2 sat in the rear passenger area. A second male, later identified as Jimmy SANCHEZ NEGRON ("SANCHEZ NEGRON"), sat in the driver's seat. Law enforcement overheard, via the transmitting device, CS-2 having a narcotics-related conversation with the two males. CS-2 stated, in sum and substance, that CS-2 had "fishscale," meaning high-quality, potent cocaine. RIVERA-ORTIZ retrieved a lunch box-type container (the "Lunch Box") from the far rear of the vehicle, opened it, and displayed a large amount of U.S. currency to CS-2. Law enforcement overheard, via the transmitting device, CS-2 counting the U.S. currency. The

U.S. currency was bundled into stacks and secured with rubber bands. One of these bundles of U.S. currency was wrapped with green cellophane. CS-2 returned the U.S. currency to the Lunch Box, zipped it closed, and placed it on the floor of the vehicle. CS then told RIVERA-ORTIZ to follow CS-2 to a separate location to retrieve the cocaine.

21. At approximately 6:41 p.m., law enforcement observed CS-2 exit the Black SUV and return to CS-2's vehicle. A few minutes later, CS-2 departed the Rest Stop parking lot. The Black SUV followed CS-2's vehicle out of the parking lot and turned onto Berkley Road.

**Motor Vehicle Stop of the Black SUV**

22. At approximately 6:47 p.m., law enforcement executed a motor vehicle stop on the Black SUV on Berkley Road in Clarksboro, New Jersey. The Black SUV — a black Ford SUV — had a Pennsylvania license plate number JMB 7695. Law enforcement observed two individuals inside the Black SUV, as well as a stack of U.S. currency, wrapped in cellophane, in plain view on the rear seat of the vehicle.

23. The two individuals, one of whom did not speak English, were identified as RIVERA-ORTIZ and SANCHEZ NEGRON. A law enforcement officer arrived at the scene to serve as an interpreter.

24. SANCHEZ NEGRON spoke with law enforcement, explaining that his friend (RIVERA-ORTIZ) called him earlier that day and asked for a ride from Harrisburg, Pennsylvania to an unspecified location in New Jersey. SANCHEZ NEGRON stated that when they arrived at the Rest Stop in New Jersey, they

got gas and intended to return to Harrisburg immediately. However, at the time of the motor vehicle stop, SANCHEZ NEGRON and RIVERA ORTIZ were travelling in the opposition direction of Harrisburg, Pennsylvania.

25.　In speaking with law enforcement, SANCHEZ NEGRON denied meeting anyone at the Rest Stop. He stated that he and RIVERA-ORTIZ simply got gasoline there. However, law enforcement surveilling the Rest Stop did not observe the Black SUV get any gas.

### K-9 Sniff/Search of Black SUV and Certification/ Recertification History of K-9

26.　An open air K-9 sniff/search was conducted on the Black SUV by law enforcement and their K-9, "Kilo," ("K-9 Kilo" or "the K-9"), which resulted in a positive result for the presence of narcotics.

27.　K-9 Kilo was certified in narcotics detection on or about December 12, 2014 at the Atlantic County John "Sonny" Burke K-9 Academy (the "Atlantic County K-9 Academy") scent class. The course of study for narcotic detection involved introducing the K-9 to target odors, which included the odor of marijuana, hashish, cocaine, crack cocaine, heroin, ecstasy, and methamphetamine. K-9 Kilo proved to be reliable in locating these narcotic substances as a result of the intense training received. During the course of this training, K-9 Kilo and his handler, Sergeant Robostello, performed more than approximately 250 searches for the above-listed substances. K-9 Kilo displayed a positive indication on these searches, either by scratching or biting at the source of the narcotics odor. Items such as dog food, liquid soap, bacon, saran wrap, parmesan cheese, coffee, duct tape, oil, and car scents — all

masking agents commonly used by narcotics traffickers — were used to distract the K-9. The masking agents did not inhibit the K-9 from locating the narcotics odor or from exhibiting a positive indication. Subsequently, K-9 Kilo was trained to detect the odor of a controlled dangerous substance on currency. Among other things, K-9 Kilo was trained to distinguish between uncirculated currency and currency that was recently commingled with one of the approximately seven controlled substances K-9 Kilo is trained to detect.

28. Since his certification in 2014, K-9 Kilo has completed recertifications and evaluations on a monthly basis. He also is trained on narcotic detection weekly. Prior to his deployment on October 17, 2018 to conduct an exterior sniff of the Black SUV, K-9 Kilo had last been recertified on or about October 11, 2018, upon K-9 Kilo's successful completion of narcotics detection training at the Atlantic County K-9 Academy.

**Law Enforcement Search of the Black SUV**

29. After K-9 Kilo alerted to the odor of an illegal substance inside the Black SUV on October 17, 2018, law enforcement searched the vehicle. During the vehicle search, law enforcement observed a large sum of U.S. currency located inside the green Lunch Box in the rear compartment of the vehicle, along with a bundle of U.S. currency wrapped in green cellophane that was in plain view on the rear seat of the vehicle. The U.S. currency was seized by law enforcement officers under the suspicion that it constituted proceeds from drug trafficking, or money intended to be furnished for a controlled substance.

30. Additionally, during the vehicle search, law enforcement recovered a Springfield XD handgun, and observed a trace amount of marijuana on the front floorboards and center console area.

31. RIVERA-ORTIZ and SANCHEZ NEGRON were transported for processing by members of the GCPO. RIVERA-ORTIZ was charged with Possession of a Weapon for Unlawful Purpose, in violation of N.J. Stat. 2C:39-4A, and Unlawful Possession of a Weapon-Handgun, in violation of N.J. Stat. 2C:39-5B(1). SANCHEZ NEGRON was not charged.

**U.S. Currency Seized From the Black SUV**

32. Law enforcement subsequently counted the U.S. currency seized from the Black SUV on October 17, 2018 (i.e., the defendant property). The single bundle of U.S. currency wrapped in green cellophane was counted first and amounted to $4,000.00. The remaining U.S. currency was counted and totaled $60,000.00. Thus, the total amount of U.S. currency seized from the Black SUV was $64,000.00.

**CLAIM FOR FORFEITURE**

33. The allegations contained in paragraphs 1 through 32 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein as if set forth at length.

34. Based on the facts presented above, there is probable cause to believe that the defendant property was furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of

Title 21, Subchapter 1, of the United States Code, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE**, Plaintiff requests that the Clerk of the Court issue a warrant for arrest *in rem* for the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the defendant property; that the defendant property be forfeited and condemned to the United States of America; that Plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

Dated: March 20, 2019

                                               CRAIG CARPENITO
                                               United States Attorney

                                               *s/ Shirley U. Emehelu*
                                               By: SHIRLEY U. EMEHELU
                                               Assistant United States Attorney

## VERIFICATION

STATE OF NEW JERSEY        )
                          : ss.:
COUNTY OF ESSEX            )

I, Evan J. Levario, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that, as to those matters herein stated to be alleged on information and belief, I believe them to be true.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States, information supplied to me by other law enforcement officers, and my own investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

                                        3-20-2019
                            _____
                            Evan J. Levario
                            Special Agent
                            Drug Enforcement Administration

Sworn to and subscribed before me this 20th day of March, 2019, at Newark, New Jersey:

_____
Jaclyn Wyrwas
Attorney-at-Law of the State of New Jersey

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$64,000.00 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Shirley U. Emehelu, United States Attorney's Office, 970 Broad Street, 7th Fl., Newark, N.J. 07102; shirley.emehelu@usdoj.gov; 973-353-6024

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)

Brief description of cause:
Forfeiture of property related to a controlled substances violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
/s/ Shirley U. Emehelu

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](#).

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

2019V00025/SUE/fk
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY:  SHIRLEY U. EMEHELU
ASSISTANT UNITED STATES ATTORNEYS
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL:  (973) 353-6024
Shirley.emehelu@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 19-** |
| v. | : | |
| **$64,000.00 IN UNITED STATES CURRENCY** | : | **WARRANT FOR ARREST *IN REM*** |
| **Defendant *in rem*.** | | |

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, THE DRUG ENFORCEMENT ADMINISTRATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on March 20, 2019, in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $64,000.00 in United States currency, is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal

-2-

Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

    WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose.

    YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

    YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

    IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____            _____
                                                   Clerk of the Court

                                  By: _____
                                                  Deputy Clerk